**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JSJ Investments Inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| Aftermaster, Inc., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Aftermaster, Inc. ("*Aftermaster*" or "*Defendant*") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the 95th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. In support of this Notice of Removal, Aftermaster respectfully shows the Court as follows:

### I.
### PROCEDURAL HISTORY

1.     On December 27, 2019, Plaintiff JSJ Investments Inc. ("*JSJ*" or "*Plaintiff*") filed and served the Texas Secretary of State copies of its lawsuit against Aftermaster in Cause No. DC-19-20517, styled *JSJ Investments Inc. v. Aftermaster, Inc.*, pending in the 95th Judicial District Court of Dallas County, Texas (the "*State Court Proceedings*").[1]

2.     Defendant received a copy of Plaintiff's Original Petition from the Texas Secretary of State via certified mail on January 17, 2020.

---

[1] A true and correct copy of Plaintiff's Original Petition in the State Court Proceedings is attached hereto as **EXHIBIT 1**.

## II.
## FACTUAL BACKGROUND

3.      Plaintiff's claims center around two convertible promissory notes dated April 4, 2019, and June 24, 2019, made by Aftermaster payable to the order of Plaintiff, each for $77,000. Plaintiff claims that the notes are convertible into discounted shares of Aftermaster's common stock, and that any denial by Aftermaster of such a request by Plaintiff constitutes an "Event of Default" as defined in the notes. Plaintiff claims that it made such a request under the first note and that Aftermaster failed to timely issue the shares requested, placing it in default on both notes.

4.      Plaintiff asserts causes of action for breach of contract, promissory estoppel, and attorneys' fees per the terms of the notes.  *Pl's Orig. Pet.* at 5-7 (Ex. 1).  Even though each note was only for $77,000, Plaintiff seeks to recover "Compensatory damages of at least $718,200.85" as well as pre-judgment interest, post-judgment interest, and attorneys' fees.  *Id.* at 7 (Ex. 1).

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(b) because the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied, this Court has original jurisdiction over Plaintiff's cause of action under 28 U.S.C. § 1332(a), and Plaintiff's claims have not been made non-removable by statute. Pursuant to Section 1332(a), federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the action is between citizens of different States. 28 U.S.C. § 1332(a).

6.      There is complete diversity of citizenship between the parties to this lawsuit. Specifically:

    a.   As indicated in Plaintiff's Original Petition and the notes at issue, Plaintiff is a Texas corporation with its principal place of business in Dallas County, Texas.

    b.   Defendant Aftermaster is a Delaware corporation with its principal place of business in Hollywood, California.

7.    Additionally, the amount in controversy exceeds $75,000. As stated in Plaintiff's Original Petition, Plaintiff seeks "Compensatory damages of at least $718,200.85" as well as pre-judgment interest, post-judgment interest, and attorneys' fees. *Pl's Orig. Pet.* at 7 (Ex. 1)

**IV.**
**TIMELINESS OF REMOVAL AND NON-WAIVER OF DEFENSE**

8.    This removal is timely. Plaintiff filed its Original Petition on December 27, 2019, and served the Texas Secretary of State that same day. The Texas Secretary of State is the statutory agent for service of process. *See* TEX. CIV. PRAC. & REM. CODE § 17.044.

9.    Defendant first was able to and did access a copy of Plaintiff's Original Petition online on December 31, 2019, but, as noted in paragraph 2 above, Defendant did not receive process from the Texas Secretary of State until January 17, 2020.

10.    This Notice of Removal was filed within 30 days of Aftermaster's actual receipt of process and is therefore timely under 28 U.S.C. § 1446(b). *See Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process.").

11.    By removing this action to this Court, Aftermaster does not waive any defense available to it.

**V.**
**ADDITIONAL PROCEDURAL MATTERS**

12.     The Dallas County District Court is located within the Northern District of Texas, Dallas Division.  Therefore, pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court.

13.     Pursuant to Local Rule LR 81.1(a), this Notice of Removal is accompanied by and/or filed concurrently with the following documents:

a)  a completed civil cover sheet;

b)  a supplemental civil cover sheet;

c)  a separately signed Certificate of Interested Persons (ECF No. 2);

d)  a copy of the docket sheet in the state court action;[2]

e)  an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;[3] and

f)  each document filed in the state court action.[4]

14.     Plaintiff has not named any other defendants in this lawsuit, and therefore there is no need to obtain the consent of any other defendants.

15.     No previous application has been made for the relief requested herein.

16.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing of this Notice of Removal, Aftermaster will file a separate Notice of Removal in the State Court Proceedings attaching a copy of this Notice of Removal and will also provide written notification to Plaintiff of this Notice of Removal.

---

[2] A true and correct copy of the docket sheet for Cause No. DC-19-20517 now pending in the 95th Judicial District Court of Dallas County, Texas is attached hereto as **EXHIBIT 2**.

[3] The index of all documents filed in state court is attached hereto as **EXHIBIT 3**.

[4] A true and correct copy of each document filed in the state court action is attached hereto as **EXHIBITS 4-7**.

## VI.
## <u>PRAYER</u>

For the foregoing reasons, Defendant Aftermaster, Inc. prays that the U.S. District Court for the Northern District of Texas, Dallas Division, accepts this Notice of Removal, that this Court assume jurisdiction of this case, that this Court issue such further orders and processes as may be necessary to bring before it all parties necessary for trial hereof, that Plaintiff take nothing by way of his suit against Aftermaster, Inc., and for all other relief, at law or in equity, to which Defendant Aftermaster, Inc. may be entitled.

Dated: January 30, 2020                    Respectfully submitted,


*/s/ James Leito*
    James Leito
    State Bar No. 24054950
    james.leito@nortonrosefulbright.com
    Jordan Campbell
    State Bar No.  24087251
    jordan.campbell@nortonrosefulbright.com

    2200 Ross Avenue, Suite 3600
    Dallas, TX  75201-2784
    Telephone:     (214) 855-8000
    Facsimile:      (214) 855-8200

    *Counsel for Defendant Aftermaster, Inc.*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of January, 2020, the foregoing document was served on counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure.


*/s/ James Leito*
    James Leito

# EXHIBIT 1

FILED
DALLAS COUNTY
12/27/2019 2:55 PM
FELICIA PITRE
DISTRICT CLERK
Christi Underwood

CAUSE NO. _____

DC-19-20517

| | | |
|---|---|---|
| JSJ INVESTMENTS INC., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | d-95 ___ JUDICIAL DISTRICT |
| | § | |
| AFTERMASTER, INC., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff JSJ Investments Inc. ("Plaintiff") files this Original Petition against Defendant Aftermaster, Inc. ("Defendant") and respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.  Plaintiff currently seeks only monetary relief of over $200,000.00 but not more than $1,000,000.00.

### II.
### PARTIES

2.     Plaintiff JSJ Investments Inc. is a Texas corporation doing business in Dallas County, Texas.

3.     Defendant Aftermaster, Inc. is a corporation, organized and existing under the laws of the State of Delaware.  Defendant Aftermaster, Inc. is required by statute to designate or maintain a registered agent for service of process in the State of Texas.  Defendant Aftermaster, Inc.'s home office is located at 6671 W. Sunset Blvd., Suite 1518, Hollywood, CA 90028.  The Texas Secretary of State is the agent for service of process on Defendant Aftermaster, Inc. because Defendant Aftermaster, Inc. engages in business in Texas, does not maintain a regular place of

business in Texas, does not have a designated agent for service of process in Texas, and this lawsuit arises out of Defendant Aftermaster, Inc.'s business in Texas.  In accordance with TEX. CIV. PRAC. & REM. CODE §§ 17.044 & 17.045, Defendant Aftermaster, Inc. may be served with process by delivering two (2) copies of the citation and Plaintiff's Original Petition to the Texas Secretary of State to be forwarded on to Defendant Aftermaster, Inc.'s home office at 6671 W. Sunset Blvd., Suite 1518, Hollywood, CA 90028.

## III.
### JURISDICTION AND VENUE

4.      This lawsuit arises out of certain convertible promissory notes dated April 4, 2019, and June 24, 2019, made by Defendant payable to the order of Plaintiff.  Each of the convertible promissory notes contain a provision whereby Defendant consents to the jurisdiction of the courts in Texas and agrees not to assert any claim that it is not subject to the jurisdiction of the courts in Texas, that the suit is brought in an inconvenient forum, or that the venue of such suit is improper.

5.      Each of the convertible promissory notes further provides Defendant waives personal services of process and consents to service of process through certified mail or overnight courier.

6.      Plaintiff seeks damages in excess of the minimum jurisdictional limit of this Court.

7.      Venue is proper in Dallas County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) as a substantial part of the events giving rise to this claim occurred in Dallas County, Texas.  Specifically, Defendant contracted with Plaintiff, and the contract was performed in whole or in part by Plaintiff in Dallas County, Texas.

## IV.
### FACTUAL BACKGROUND

8.      Plaintiff is a private investment firm that provides capital to companies that trade

on the OTC Markets.  Plaintiff provides financing through convertible notes, which can be converted at any time at Plaintiff's option to common stock at a discounted conversion price as defined by the convertible promissory notes.

9.      Plaintiff provided financing to Defendant through an 12% Convertible Promissory Note (the "First Note"), issued by Defendant to Plaintiff on or about April 4, 2019 (the "First Note's Issuance Date"), in the principal amount of $77,000.00, together with interest.  The maturity date of the Note is April 4, 2020.

10.      Plaintiff subsequently provided financing to Defendant through a second 12% Convertible Promissory Note (the "Second Note") (collectively, the First Note and the Second Note are the "Notes").  The Second Note was issued on or around June 24, 2019 (the "Second Note's Issuance Date"), in the principal amount of $77,000.00, together with interest.  The maturity date of the Second Note is June 24, 2020.

11.      The Notes provide that 12% interest accrues from the date of issuance until the Notes are paid or otherwise converted.  This interest rate increases to 18% when an Event of Default, as defined by the Notes, occurs ("Default Interest"). This increased interest rate is in effect as long as the Event of Default continues.

12.      At Plaintiff's election, the Notes are convertible into discounted shares of Defendant's common stock.  Shares are converted at a 40% discount to the lowest trading price during the previous twenty (20) trading days to the date of Plaintiff's conversion.  Plaintiff may convert the Notes any time on or after the 180th day following the Notes' issuance dates.

13.      In the First Note, Defendant agreed that it would issue shares in response to a conversion notice issued by Plaintiff within two business of Plaintiff's issuance of a conversion notice. Defendant agreed that if it failed to timely issue shares responsive to a conversion notice,

it would be in Default of Conversion beginning on the third business day following Plaintiff's issuance of the relevant conversion notice.  In addition, a Default of Conversion is an Event of Default, which entitles Plaintiff to declare the Default Amount due and owing

14.     On or about October 22, 2019, Plaintiff issued a conversion notice (the "Conversion Notice") to Defendant in connection with the First Note, requesting the conversion of $25,000.00 in principal into 4,629,629 shares of Defendant's common stock.  The First Note required Defendant to issue the shares requested by the Conversion Notice no later than October 24, 2019. Defendant did not timely issue any shares in connection with the Conversion Notice, placing it in Default of Conversion.  The Default of Conversion constitutes an Event of Default, placing Defendant in default under the First Note.  As a result, Plaintiff was entitled to declare the Default Amount due and payable.

15.      As a result of Defendant triggering an Event of Default under the First Note, Defendant is also in default under the Second Note.  Under the Second Note, default by Defendant on the First Note constitutes an Event of Default under the Second Note.  When Defendant triggers an Event of Default in connection with the Second Note, Plaintiff is entitled to declare the Default Amount due and payable.  By triggering of an Event of Default under the First Note, through its Default of Conversion, Defendant has triggered an Event of Default under the Second Note.

16.     Upon the occurrence of an Event of Default, such as a Default of Conversion, Plaintiff had the right to demand immediate repayment of all amounts outstanding, including the Default Amount.  The Default Amount is calculated according to the terms of the Notes.  The Default Amount under the First Note is at least $549,955.80.  The Default Amount under the Second Note is at least $168,245.05.

17.     By a letter dated November 8, 2019, Plaintiff notified Defendant that Defendant's failure to timely comply with the Conversion Notice constituted an Event of Default.  Under the terms of the First Note and Second Note, Plaintiff was entitled to declare each of the Notes immediately due and payable upon the occurrence of an Event of Default.  Plaintiff requested immediate repayment of the First Note and the Second Note's Default Amount, as calculated by the terms of each.  Plaintiff demanded payment of the full Default Amounts under the Notes by November 15, 2019.  To date, Defendant has failed to remit any of the Default Amount balance to Plaintiff.

## V.
### CAUSES OF ACTION

**Count 1:      Breach of Contract.**

18.     Plaintiff incorporates the allegations contained in paragraphs 1 through 17 above as if the same were restated in full herein.

19.     The First Note and the Second Note each constitute a valid and enforceable contract between Plaintiff, on the one hand, and Defendant, on the other.  Plaintiff, as a party to the First Note and the Second Note, is a proper party to sue for breach of the First Note and the Second Note.

20.     Plaintiff has performed its obligations under the First Note and the Second Note.

21.     Defendant has breached its obligations under the First Note and the Second Note by failing to timely comply with the Conversion Notice and by breaching another agreement between the parties, respectively.  Upon notification of the Event of Default, Defendant has further breached its obligations under the First Note and the Second Note to remit to Plaintiff the Default Amount due and owing under each.

22.     Defendant's breach of the First Note caused Plaintiff injury, and Plaintiff seeks relief of at least $549,955.80, not including attorneys' fees and costs.  Defendant's breach of the Second Note caused Plaintiff injury, and Plaintiff seeks relief of at least $168,245.05, not including attorneys' fees and costs.

**Count 2:**     **Promissory Estoppel.**

23.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 22 above as if the same were set forth in full herein.

24.     Defendant promised Plaintiff that Defendant would timely comply with the Conversion Notice and that Defendant would not default under any other agreement between Plaintiff and Defendant in the First Note and the Second Note, respectively.  Defendant further promised that it would pay the Default Amount under the First Note and the Second Note when it became due and owing.  Plaintiff reasonably and substantially relied on Defendant's promises to Plaintiff's detriment.  Defendant knew, or reasonably should have known, that Plaintiff would rely on Defendant's promises to adhere to the terms of the First Note and the Second Note.  Injustice can be avoided only by enforcing Defendant's promises.

25.     As a result of Plaintiff's detrimental reliance on Defendant's promises under the First Note, Plaintiff seeks relief of at least $549,955.80, not including attorneys' fees and costs.  As a result of Plaintiff's detrimental reliance on Defendant's promises under the Second Note, Plaintiff seeks relief of at least $168,245.05, not including attorneys' fees and interest.

**Count 3:**     **Attorneys' Fees.**

26.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 25 above as if the same were set forth in full herein.

27.     Under the First Note and the Second Note, Plaintiff is entitled to recover reasonable and necessary attorneys' fees incurred in enforcement of the First Note and the Second Note.  As a result of the actions of Defendant, it was necessary for Plaintiff to retain the services of Hedrick Kring, PLLC, to handle this dispute among the parties.  Plaintiff, therefore, seeks a recovery from Defendant for the reasonable costs and attorneys' fees incurred as a result of Plaintiff's claims as permitted by the First Note and the Second Note.

28.     In addition, Plaintiff is entitled to recover its attorneys' fees under Section 38.001, *et seq.* of the Texas Civil Practice and Remedies Code.

## VI.
### CONDITIONS PRECEDENT

29.     All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VII.
### REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court, upon final disposition of this matter, enter judgment against Defendant for the following relief:

(A)     Compensatory damages of at least $718,200.85;

(B)     Pre-judgment interest and post-judgment interest on all sums at the maximum rate allowed by law;

(C)     Plaintiff's reasonable attorneys' fees and expenses incurred in the filing and prosecution of this action;

(D)     All costs of court;

(E)     Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions (if any); and

(F)     Such other relief to which this Court deems Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Mark A. Fritsche*

**Joshua L. Hedrick**
Texas State Bar No. 24061123
**Mark A. Fritsche**
Texas. State Bar No. 24100095

**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Phone:  (214) 880-9600
Fax:     (214) 481-1844
Josh@HedrickKring.com
Mark@HedrickKring.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 2

# Case Information

DC-19-20517 | JSJ INVESTMENTS INC vs. AFTERMASTER INC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-19-20517 | 95th District Court | EVANS, DAVID |
| File Date | Case Type | Case Status |
| 12/27/2019 | CNTR CNSMR COM DEBT | OPEN |

# Party

PLAINTIFF

JSJ INVESTMENTS INC

Address
1700 Pacific Ave.,
Suite 4650
Dallas TX 75201

Active Attorneys ▾

Lead Attorney
FRITSCHE, MARK A.
Retained

DEFENDANT
AFTERMASTER INC

Address
6671 W SUNSET BLVD STE 1518
HOLLYWOOD CA 90028

# Events and Hearings

12/27/2019 NEW CASE FILED (OCA) - CIVIL

12/27/2019 ORIGINAL PETITION ▾

ORIGINAL PETITION

12/27/2019 ISSUE CITATION COMM OF INS OR SOS ▾

ISSUE CITATION COMM OF INS OR SOS - AFTERMASTER, INC. - ESERVE

12/31/2019 CITATION SOS/COI/COH/HAG ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
01/11/2020
Comment
AFTERMASTER, INC.

01/07/2020 NOTE - ADMINISTRATOR ▾

DWOP

Comment
Set for initial dismissal (service/default): March 26, 2020. Notice mailed to counsel.

01/09/2020 RETURN OF SERVICE ▾

EXECUTED CITATION - AFTERMASTER, INC.

Comment
EXECUTED CITATION - AFTERMASTER, INC.

03/26/2020 DISMISSAL FOR WANT OF PROSECUTION ▾

DWOP

Judicial Officer
EVANS, DAVID

Hearing Time
9:00 AM

# Financial

JSJ INVESTMENTS INC

|  |  | |
|---|---|---:|
| | Total Financial Assessment | $304.00 |
| | Total Payments and Credits | $304.00 |

| | | | | |
|---|---|---|---|---:|
| 12/30/2019 | Transaction Assessment | | | $304.00 |
| 12/30/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 87586-2019-DCLK | JSJ INVESTMENTS INC | ($304.00) |

# Documents

ORIGINAL PETITION

ISSUE CITATION COMM OF INS OR SOS - AFTERMASTER, INC. - ESERVE

DWOP

EXECUTED CITATION - AFTERMASTER, INC.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JSJ Investments Inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| Aftermaster, Inc., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## INDEX OF STATE COURT FILINGS

Cause No. DC-19-20517; *JSJ Investments Inc., v. Aftermaster, Inc.*,
in the 95th Judicial District Court of Dallas County, Texas

| | **Date** | **Description** |
|---|---|---|
| 1. | December 27, 2019 | Plaintiff's Original Petition |
| 2. | December 27, 2019 | Citation to Secretary of State |
| 3. | January 7, 2020 | Notice of Hearing |
| 4. | January 9, 2020 | Affidavit of Service |
| 5. | January 2020[1] | Notice of Hearing |

---

[1] This filing appears to be a refiling of the notice of hearing from January 7, 2020. However, it is listed a second time on the docket after the January 9 filing. As such, its exact date of filing is unclear.

# EXHIBIT 4

**FORM NO. 3534 CITATION**
**THE STATE OF TEXAS**

To:    AFTERMASTER INC
       BY SERVING THE SECRETARY OF STATE
       OFFICE OF THE SECRETARY OF STATE
       CITATIONS UNIT - P.O. BOX 12079
       AUSTIN, TX, 78711

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **95th District Court**   at 600 Commerce Street, Dallas Texas, 75202.
   Said **PLAINTIFF** being   **JSJ INVESTMENTS INC**

Filed in said Court **27th day of December, 2019** against

   **AFTERMASTER INC**

  For suit, said suit being numbered   **DC-19-20517**  the nature of which demand is as follows:
  Suit On  **CNTR CNSMR COM DEBT** etc.
As shown on said petition a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 31st day of December, 2019**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
       **CARLENIA BOULIGNY**

---

**CITATION**

| No.: DC-19-20517 |
|---|

**JSJ INVESTMENTS INC**
**VS.**

**AFTERMASTER INC**

ISSUED
**ON THIS THE 31ST DAY OF DECEMBER, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

  By **CARLENIA BOULIGNY**, Deputy

Attorney for : Plaintiff
  **MARK A. FRITSCHE**
  **HEDRICK KRING PLLC**
  **1700 PACIFIC AVENUE**
  **SUITE 4650**
  **DALLAS TX  75201**
  **214-880-9600**
  **Mark@hedrickKring.com**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

## OFFICER'S RETURN
## FOR INDIVIDUALS

Cause No. DC-19-20517

Court No: 95th District Court

Style: JSJ INVESTMENTS INC
 Vs.
AFTERMASTER INC

    Received this Citation the _____ day of _____, 20_____ at _____ o'clock.  Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of_____, 20_____ at _____ o'clock ____.M.  Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M.
by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said
_____
    A true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
    Signed and sworn to me by the said _____before me this_____
Day of _____, 20_____, to certify which witness my hand and seal of office.

                                                         _____

                    Seal                                                    State & County of

_____

# EXHIBIT 5



# 95TH DISTRICT COURT

GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, 6TH FLOOR
DALLAS, TEXAS  75202
(214) 653-6361

January 7, 2020

MARK A. FRITSCHE
HEDRICK KRING PLLC
1700 PACIFIC AVENUE, SUITE 4650
DALLAS TX  75201

> Re:   Cause No.  DC-19-20517-D;
> JSJ INVESTMENTS INC  vs.  AFTERMASTER INC

## NOTICE OF HEARING

The above-referenced cause of action is set for dismissal for want of prosecution on:

**March 26, 2020, at  9:00 am**

in the 95th District Court, Dallas County, Texas.

If you have not perfected service on all parties prior to the dismissal date **you must appear at the dismissal hearing.**  During the hearing you will have the opportunity to show good cause for maintaining the case on the docket.  **At the dismissal hearing the court shall dismiss for want of prosecution unless there is a showing of good cause.**

If you have perfected service and no answer has been timely filed, you must have moved for or have proved up a default judgment on or prior to the above date.  Failure to do so prior to the dismissal hearing will result in the dismissal of the case on the above date, time and place.  **Failure to appear at this hearing shall result in dismissal of this case for want of prosecution.**

Please contact the 95th District Court Coordinator, Karin Alonzo, at (214) 653-6361, with any questions.  Thank you for your cooperation with our efforts to better manage the docket of this Court.

**Due to the high volume of cases set on the dismissal docket, the Court requests that you call no earlier than one week prior to the above setting to report the status of this cause**.

*Michael J. O'Neill*
*Senior Judge 5th Court Of Appeals*
*Sitting By Assignment*

_____
Michael J. O'Neill
Senior Judge
Sitting by Assignment

# EXHIBIT 6

FILED
DALLAS COUNTY
1/9/2020 2:41 PM
FELICIA PITRE
DISTRICT CLERK

Felicia Pitre

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **95th Judicial District Court**

Case Number: DC-19-20517

Plaintiff:
**JSJ INVESTMENTS INC.**

vs.

Defendant:
**AFTERMASTER INC.**

Received these papers on the 7th day of January, 2020 at 12:40 pm to be served on **AFTERMASTER, INC. by delivering to THE TEXAS SECRETARY OF STATE, 1019 Brazos St., 1st Floor, Austin, Travis County, TX 78701**.

I, Jeff Keyton, being duly sworn, depose and say that on the **7th day of January, 2020 at 2:45 pm, I:**

delivered true duplicate copies of this **Citation together with Plaintiff's Original Petition** to the within named defendant, **AFTERMASTER, INC.** by delivering to **THE TEXAS SECRETARY OF STATE**, by and through its designated agent, **VENITA MOSS**, at the address of: **1019 Brazos St., 1st Floor, Austin, Travis County, TX 78701**, having first endorsed upon both copies of such process the date of delivery and tendering the $55 Statutory Fee.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced  cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 7th day of January, 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
Jeff Keyton
PSC 735; Exp 7/31/2020

Our Job Serial Number: THP-2020000077
Ref: 0070308

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

FORM NO. 3534  CITATION

ESERVE (SOS)

THE STATE OF TEXAS

**CITATION**

To:    AFTERMASTER INC
       BY SERVING THE SECRETARY OF STATE
       OFFICE OF THE SECRETARY OF STATE
       CITATIONS UNIT - P.O. BOX 12079
       AUSTIN, TX, 78711

No.: DC-19-20517

**JSJ INVESTMENTS INC**
VS.

**AFTERMASTER INC**

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **95th District Court**   at 600 Commerce Street, Dallas Texas, 75202.
   Said **PLAINTIFF** being   **JSJ INVESTMENTS INC**

Filed in said Court **27th day of December, 2019** against

  AFTERMASTER INC

  For suit, said suit being numbered   **DC-19-20517**  the nature of which demand is as follows:
  Suit On  **CNTR CNSMR COM DEBT** etc.
As shown on said petition a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 31st day of December, 2019**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
       **CARLENIA BOULIGNY**

ISSUED
**ON THIS THE 31ST DAY OF
DECEMBER, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **CARLENIA BOULIGNY**, Deputy

Attorney for : Plaintiff
  **MARK A. FRITSCHE
  HEDRICK KRING PLLC
  1700 PACIFIC AVENUE
  SUITE 4650
  DALLAS TX  75201
  214-880-9600
  Mark@hedrickKring.com**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**



**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-19-20517

Court No: 95th District Court

Style: JSJ INVESTMENTS INC
 Vs.
AFTERMASTER INC

Received this Citation the _____day of_____, 20____at_____o'clock. Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

---------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20____at_____o'clock ___.M. Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said _____

A true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

---------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
     Signed and sworn to me by the said_____before me this_____
Day of _____, 20_____, to certify which witness my hand and seal of office.


Seal                                                                                        State & County of

_____

# EXHIBIT 7



# 95TH DISTRICT COURT

GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, 6TH FLOOR
DALLAS, TEXAS  75202
(214) 653-6361

January 7, 2020

MARK A. FRITSCHE
HEDRICK KRING PLLC
1700 PACIFIC AVENUE, SUITE 4650
DALLAS TX  75201

Re:     Cause No.  DC-19-20517-D;
        JSJ INVESTMENTS INC  vs.  AFTERMASTER INC

## NOTICE OF HEARING

The above-referenced cause of action is set for dismissal for want of prosecution on:

**March 26, 2020, at  9:00 am**

in the 95th District Court, Dallas County, Texas.

If you have not perfected service on all parties prior to the dismissal date **you must appear at the dismissal hearing.**  During the hearing you will have the opportunity to show good cause for maintaining the case on the docket.  **At the dismissal hearing the court shall dismiss for want of prosecution unless there is a showing of good cause.**

If you have perfected service and no answer has been timely filed, you must have moved for or have proved up a default judgment on or prior to the above date.  Failure to do so prior to the dismissal hearing will result in the dismissal of the case on the above date, time and place.  **Failure to appear at this hearing shall result in dismissal of this case for want of prosecution.**

Please contact the 95th District Court Coordinator, Karin Alonzo, at (214) 653-6361, with any questions. Thank you for your cooperation with our efforts to better manage the docket of this Court.

**Due to the high volume of cases set on the dismissal docket, the Court requests that you call no earlier than one week prior to the above setting to report the status of this cause**.

*Michael J. O'Neill*
*Senior Judge 5th Court Of Appeals*
*Sitting By Assignment*

_____
Michael J. O'Neill
Senior Judge
Sitting by Assignment